UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO. 08-140

RENEE GILL PRATT                                      SECTION "B"(1)

ORDER AND REASONS

Considering the foregoing Motion for Reconsideration (Rec. Doc. No. 634),

**IT IS ORDERED** that the motion is hereby **DENIED.** While the Court has the authority to supplement its initial instructions during the jury's deliberations, the Court finds such action unnecessary to address the issue raised here. *See United States v. Duvall,* 846 F.2d 966, 977 (5th Cir. 1988) (citing *United States v. Fortna*, 796 F.2d 724, 741 (5th Cir. 1986)). The adequacy of a supplemental jury instruction is evaluated by whether the instruction was "reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *United States v. Stevens*, 38 F.3d 167, 170 (5th Cir. 1994) (citing *United States v. Natale*, 764 F.2d 1042, 1046 (5th Cir. 1985)).  Indeed, the judge has a duty in supplementing his instructions "to clear away the confusion and difficulty over an issue that the jury expresses." *Duvall, supra*, at 977 (citing *United States v. Carter*, 491 F.2d 625, 633 (5th Cir. 1974)).

The original instructions given to the jury sufficiently

1

explain not only that their verdict, whether guilty or not guilty, must be unanimous, but also that in order to return a guilty verdict, the jurors must unanimously agree that the Government proved beyond a reasonable doubt that the defendant conspired to commit at least two alleged predicate acts.  Moreover, the questions thus far expressed by the jury in their deliberations evince the lack of confusion regarding the challenged charge.  By expressing their inability thusfar to reach a unanimous verdict of either guilty or not guilty, after about 19 hours of deliberation, and about 11 days of trial testimony, this jury realizes that without achieving unanimity it can remain deadlocked.  As additional reasons, we also adopt by reference here the prior written ruling and the oral reasons given at today's on record teleconference with all counsel of record on this issue.

Parties' counsel and undersigned also discussed possible options to take if the jury reports for a third time an inability to reach a unanimous verdict.  Defense counsel asserts that the Court has already given a modified Allen charge in the jury charges.  Government counsel requests consideration of an Allen charge.[1]

Although the Allen charge is rightfully criticized and other

---

[1] The phrase "Allen charge" originates from *Allen v. United States*, 164 U.S. 492 (1896).  It generally refers to a judge's instructions to a seemingly-deadlocked criminal-trial jury, encouraging further jury deliberation.  The "Allen charge" is also known as the "dynamite charge, the third degree instruction, the shotgun instruction, or the nitroglycerine charge."  *United States v. Bailey,* 468 F.2d 652, 666 (5th Cir. 1972).

circuits have sought to abolish it or limit its use, binding Fifth Circuit precedent approved its use. *Bailey*, 468 F.2d at 666-69; *United States v. Yong Ping Liu*, 2008 WL 3244029 (5th Cir. 2008).

This Court respects and applauds the efforts of this jury. For many, it is their maiden voyage as jurors. For most, this is their first complex trial, involving a very lengthy multi-faceted RICO conspiracy indictment, 11 days of trial, an exhaustive pre-screening process relative to publicity, high profile parties and other matters, aggressively worked by skilled advocates and partnered as judges of facts with a judge of the law. At all costs, we strive to be fair and non-coercive with our partners, the trial jury, especially during the deliberative process.

Our circuit cautions that use of the Allen charge must not cause prejudice to the defendant as to require reversal and the circumstances surrounding the giving of an approved Allen charge must not be coercive. *United States v. Lindell*, 881 F.2d 1313, 1321 (5th Cir. 1989). To that end, reviewing courts consider whether the interval between the retiring of the jury and the delivery of the instruction was so short that the trial court abused its discretion in calling the jury back and urging them to reach agreement and whether the period between the delivery of the charge and the rendering of the verdict was so brief as to give rise to an inference that the jury was coerced by the instruction. *Bailey*, 468 F.2d at 664 (5th Cir. 1972) (The *Bailey* court concluded

that an Allen charge given 3½ hours after the jury began deliberations was not coercive, and that the 1½ hour period between the charge and verdict also did not imply coercion); *see also Andrews v. United States*, 309 F.2d 127, 129-30 (5th Cir. 1962) (holding period of 1 hour and 5 minutes before the Allen charge and 25 minutes between the Allen charge and verdict not to be coercive).

Given the noted factual scenario and applicable legal standards, and with a degree of reluctance, discretionary authority will be exercised in favor of giving the Fifth Circuit approved Allen charge at an appropriate time tomorrow <u>unless</u> the jury expressly indicates its willingness, on its own, for further deliberations. In any event, all parties' counsel will be notified and given an opportunity to be heard, again, prior to delivery of the Allen charge in open court. The circuit's approved Allen charge has already been provided to all counsel.

New Orleans, Louisiana, this 23rd day of February, 2011.

UNITED STATES DISTRICT JUDGE