UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 08-140

RENEE GILL PRATT                            SECTION "B"(1)

ORDER AND REASONS

Considering Defendant Renee Gill Pratt's Motion for Judgment of Acquittal (Rec. Doc. No. 648) and the Government's Opposition (Rec. Doc. No. 649),

**IT IS ORDERED** that based on the thoroughness of the parties' briefing, the oral argument set for **Thursday, March 31, 2011 at 8:30 a.m.** is hereby **CANCELLED.**

**IT IS FURTHER ORDERED** that the Motion for Judgment of Acquittal (Rec. Doc. No. 648) is **DENIED.** Defendant Gill Pratt asserts that insufficient evidence exists for a reasonable juror to find that she had any knowledge of any wrongdoing on the part of her alleged co-conspirators, much less any acquiescence or participation in such conduct; accordingly, Gill Pratt seeks a judgment of acquittal on Count One of the Third Superseding Indictment. Rec. Doc. No. 648-1, at 1-3. Alternatively, Gill Pratt seeks dismissal of Count One as it relates to the lease of office space by the defendant or the acquisition by her of a donated Dodge vehicle for her personal use. *Id.* at 2. Gill Pratt

urges that there exists insufficient evidence to support a judgment of conviction on Count One as it relates to those acts. *Id.* Additionally, Gill Pratt contends that such actions lack the "relatedness" necessary to denote them as conduct furthering the charged RICO conspiracy. *Id.* at 3.

The standard in considering a motion for judgment of acquittal "asks whether a reasonable jury could conclude that the relevant evidence, direct or circumstantial, established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) (citing *United States v. Scott*, 159 F.3d 916, 920 (5th Cir. 1998)).  "A motion for judgment of acquittal should only be granted when, viewing the evidence in a light most favorable to the government, no reasonable fact finder could find the evidence sufficient to support the jury's verdict." *United States v. Martin,* 2005 WL 3150731, *1 (5th Cir. 2005) (citing *United States v. Deville*, 278 F.3d 500, 505 (5th Cir. 2002)).  "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *Loe, supra,* 262 F.3d at 432 (citing *United States v. Baytank (Houston), Inc.*, 934 F.2d 599, 616 (5th Cir. 1991)).  "A jury is free to choose among reasonable constructions

2

of the evidence...And it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Loe, supra,* 262 F.3d at 432 (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982); *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998)).  Indeed, in evaluating a motion for judgment of acquittal, "[i]t is not for the court...to weigh evidence or assess the credibility of witnesses." *Deville, supra,* 278 F.3d at 506 (citing *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir. 1997)).

Here, the government presented sufficient evidence of Defendant Gill Pratt's awareness and agreement to the overall objective of the RICO conspiracy for a reasonable juror to find the defendant guilty of Count One of the Third Superseding Indictment. With respect to the *I Can Learn* scheme, the government presented sufficient testimony and exhibits to allow a reasonable juror to conclude that Gill Pratt not only knew of, but also participated with Mose Jefferson regarding the appropriation of funds and the "sale" of the *I Can Learn* software to the Holy Ghost and Xavier Prep schools.  Specifically, John Lee testified that before Gill Pratt arranged for the $300,000 line item appropriation to allow the Holy Ghost School and Xavier Prep to purchase three *I Can Learn* classrooms from JRL Enterprises, a meeting took place between the defendant, Mose Jefferson, and Lee to discuss the possibility of the defendant appropriating funds to parochial schools for the

purchase of the *I Can Learn* software.  Subsequent to this meeting, yet before the appropriation became public or was even made part of the appropriation committee's amendment recommendations, Mose Jefferson requested that Lee list both Holy Ghost and Xavier Prep as "exclusive" territories on his sales contract with JRL Enterprises.  Further evidence indicated Gill Pratt's long-standing relationship with both schools, and moreover, that Gill Pratt was the only contact with the two schools regarding the *I Can Learn* software.  Accordingly, in viewing this evidence in a light most favorable to the government, sufficient proof was presented for a reasonable juror to infer that Gill Pratt not only knew of the scheme, but that she was also working with Mose Jefferson to facilitate it.

Additionally, numerous witnesses testified as to Gill Pratt's role as the provider of public funds to the Jefferson-controlled non-profit programs, namely Orleans Metro, Care Unlimited-Project Chance, Care Unlimited-Bridge Program, and Central City Adult Education, from around 1991 through 2002.  Betty Jefferson's bill of information to which she pled guilty and the factual basis that formed the foundation of her guilty plea, both presented as exhibits, further set forth Gill Pratt's key position in securing the funding for these organizations.  Specific testimony was also given by Lionel Brown indicating Gill Pratt's awareness that the funds allocated to these programs were not being used for non-

profit purposes, but rather to pay Brown and other handymen hired by Mose Jefferson to perform work on not only Jefferson's properties, but also on Gill Pratt's personal and rental residences. The government also provided documentary evidence showing Gill Pratt's signature on a list of expenditures for Orleans Metro, including routine payments to these handymen. This evidence is clearly sufficient for a reasonable juror to conclude that the defendant had the requisite knowledge of the purpose of the conspiracy as well as her role in advancing the goals of the Enterprise.

The government also provided sufficient proof relating to the lease of Gill Pratt's office space[1] and the acquisition of several vehicles after Hurricane Katrina. It was stipulated by Gill Pratt herself that as a State Representative and City Councilmember, she arranged to rent office space from Southwind. Testimonial evidence showed that Southwind was in actuality Mose Jefferson's company, although his identity was concealed from any official documentation, that Gill Pratt was aware of this fact, and that she continued to execute or cause to be executed rental agreements between the State of Louisiana and the City of New Orleans and Southwind. Documentary evidence further showed that Gill Pratt

---

[1]While the government's proof regarding the office lease agreements appears to have the weakest evidentiary basis, particularly considering that the state auditor and others reviewed and approved the contracts at issue even in light of the drastic increases at various times, minimally sufficient evidence exists for a reasonable juror to infer Gill Pratt's knowledge and participation in this alleged scheme.

5

received payments from Southwind from the same accounts into which the rental payments were received.  Additionally, the government provided both testimonial and documentary evidence in support of Gill Pratt's alleged role in the vehicles scheme.  Such evidence indicated that Gill Pratt was the contact person for the donation of vehicles from the Daimler Chrysler Corporation in the aftermath of Hurricane Katrina, the purpose of which was to assist in the recovery of the City; however, four of these vehicles became titled and ensured by Care Unlimited and Orleans Metro and were used by Mose Jefferson exclusively for personal projects.  Accordingly, sufficient evidence exists for a reasonable juror to conclude that Gill Pratt acted in these contexts not only for the benefit of the Enterprise, but also to benefit herself and her co-conspirator, Mose Jefferson.

Finally, concerning the defendant's alternative request for relief on the basis that the rental of office space and acquisition of vehicles for personal use are not sufficiently related to the alleged RICO enterprise, this Court has repeatedly rejected this argument by the defendant and will do so again here. *See* Rec. Doc. Nos. 238, 462.

Based on the foregoing, Defendant Gill Pratt's Motion for Judgment of Acquittal (Rec. Doc. No. 648) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that a teleconference will be held on **Thursday, March 31, 2011 at 9:00 a.m.** to select new pretrial and

6

trial dates, with the government to initiate the call.

New Orleans, Louisiana, this 29th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE