```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                                    **CRIMINAL ACTION**

**VERSUS**                                                       **NO. 08-140**

**RENEE GILL PRATT**                                            **SECTION "B"(1)**

<u>**ORDER AND REASONS**</u>

Defendant Renee Gill Pratt seeks a new trial based on prosecutorial misconduct, namely the posting of anonymous comments by at least one Assistant United States Attorney (Sal Perricone) on a website run by the Times Picayune (Nola.com).

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Defendant's Motion for New Trial (Rec. Doc. No. 930) is **DENIED**.

<u>**Posted Comments**</u>

The online comments posted by Perricone portrayed Pratt and her co-defendants (the Jefferson family) as corrupt politicians who took advantage of others for their own personal gain. Perricone used several pseudonyms to anonymously post the comments and avoid detection for several years.

Many of the comments relevant to the instant case were long tirades against the Jefferson family in general, without naming Pratt specifically in most. For example, on December 24, 2008 Perricone posted "a Christmas message for the Jefferson family" in which he at length described pending criminal actions against members of the family and criticized their conduct. He also made several comments

1

specifically suggesting their guilt and need for retribution, commenting "it's time for them to pay." He also referred to them as a "mob family" on multiple occasions. The comments routinely took a racial tone, suggesting that the Jefferson family took advantage of their black constituents and were elected and/or trusted because of their race.

Some of the comments did specifically mention Pratt. For example, as Pratt's trial was ongoing Perricone commented, referring to Pratt, "we have this paragon of virtue defending herself for behavior when she was a New Orleans city councilPERSON. What a town!!!!" When a hung jury resulted from Pratt's first trial, Perricone commented that the lone holdout juror likely made the decision on racial grounds, and as a result failed to honor their oath.[1]

### Applicable Law Governing Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure states, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

### June 25th Hearing

The Court held a hearing on June 25, 2014 regarding Gill Pratt's Motion for New Trial. The Court heard argument from each side,

---

[1] Gill Pratt additionally alleges that Jan Mann, the First Assistant United States Attorney, knew of the commenting activities, was commenting herself, and believed others in the office were commenting. However, the United States argues that Mann did not begin commenting until March, 2012 – months after Pratt's conviction.

2

including argument on relevant cases appearing before other sections of this Court involving similar anonymous commenting by members of the United States Attorneys' Office.[2] The Court thereafter ordered a limited evidentiary hearing to determine whether jurors who reported that they received news from Nola.com in their original 2011 juror questionnaire (Jurors 21 and 22) were exposed to the comments written by Perricone. The Court solicited proposed questions from each side, as well as supplemental briefing on issues discussed at the June 25 hearing. On July 17 the Court ordered Jurors 21 and 22 to report to the Clerk of Court Jury Section to answer a written questionnaire relating to the trial. (Rec. Doc. No. 957); *see also* Fed. R. Evid. 606(b)(2); *Tanner v. United States*, 483 U.S. 107, 117 (1987); *United States v. Ortiz*, 942 F.2d 903, 913 (5th Cir. 1991).

### Review of Questionnaires

Both jurors timely complied with the Court's order directing them to complete the questionnaires regarding their service. The Court has reviewed the responses in camera, and has notified counsel of record that they may view the responses under seal.[3]

Following in camera review, the Court finds no cause for granting a new trial. The jurors' responses reveal that they heeded the Court's instructions to avoid extraneous materials in reaching their verdict. There is no evidence to suggest that the jurors knew

---

[2] *See United States v. Bowen*, Crim. Action 10-204; *United States v. Jackson*, Crim. Action 13-131; *United States v. McRae*, Crim. Action 10-154.
[3] The Court intends to keep the questionnaires sealed to protect juror confidentiality.

of or were exposed to Perricone's comments either before or during trial.

Although Gill Pratt argues that the prosecutorial misconduct was so extreme in this case such as to not require a finding that the jury was affected by Perricone's comments, "a new trial is not a mechanism for punishing contempt, by a prosecutor or otherwise, but a way to avoid injustice generally and to avoid a jury verdict for which one has compromised confidence specifically." *United States v. Poole*, 735 F.3d 269, 278 (5th Cir. 2013). Accordingly, given the lack of evidence that the jury's verdict was tainted in any way by Perricone's or anyone else's comments, a new trial is not appropriate.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for New Trial (Rec. Doc. No. 930) is **DENIED**.

**IT IS FURTHER ORDERED** that Gill Pratt shall self-surrender to the custody of the Federal Bureau of Prisons no later than **September 2, 2014**.

**IT IS FURTHER ORDERED** that the juror questionnaire responses completed by Jurors 21 and 22 are to remain under seal to protect juror confidentiality, and only be accessible by counsel of record and the Court.

New Orleans, Louisiana, this 30th day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE