UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                        CRIMINAL ACTION

VERSUS                                          NUMBER: 08-140

RENEE GILL PRATT                                SECTION: "B"

## ORDER AND REASONS

Considering the record and applicable law, **IT IS ORDERED** that the Motion to Stay Surrender Pending Disposition of Appeal in *U.S. v. Bowen, et al* (Record Document Number 960) is **DENIED**.[1]  The defense relies upon an expectation of a possible appellate ruling in *U.S. v. Bowen* (5th Cir. No. 13-31078).  The latter case will generally turn on whether prosecutorial misconduct requires a new trial without regard to a showing of prejudice to a defendant.  In the instant matter, there was no basis shown to either presume manifest injustice attached to the trial process, or presume prejudice infected it or to find likihood that the reprehensible prosecutorial misconduct at issue was even known by any of the jurors during that process.  Those findings would distinguish this case from any result eventually reached in *Bowen*.  *Cf.  U.S. Beckett*, 706 F.2d 519, 520 (5th Cir. 1983) ("… a conviction should not be set aside if the prosecutor's conduct, however, wrongful, did not in fact contribute to the guilty verdict and was, therefore, legally harmless."); *U.S. v. Bermea*, 30 F.3d 1539,

---

[1] There is no need for further briefing or oral argument on this straight forward pleading.  Therefore, the noticed submission date of September 3, 2014, a date after the self-surrender date, is **CANCELLED**.

1563-66 (5th Cir. 1994); *U.S. v. Baker*, 544 F. Supp. 2d 522, 535 (E.D.La. 2008).

As Justice O'Connor stated in her concurring opinion *Smith v. Phillips*,[2] the Supreme Court does not preclude the use of the conclusive presumption of implied bias in appropriate circumstances.  There is no circumstance in this case for implying juror bias.  As found by this court and the Fifth Circuit, the instant trial afforded movant with all due constitutional protections.  Moreover, juror responses to questions about inappropriate "blogging" reveal neither exposure to nor knowledge about that unprofessional conduct prior to or during trial proceedings.  Further, there is no objective legal basis here to imply such bias as a matter of law.

Based on the foregoing, and absent a fairly debatable question or substantial issue that call into serious question the correctness of the judgment of conviction, the motion to release on another bond pending appeal is **DENIED**.[3] 18 U.S.C. 3143.

New Orleans, Louisiana, this 20th day of August, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[2]  455 U.S. 209, 223-24, 102 S.Ct. 940, 949 (1982).
[3]  There is no dispute and this court again finds that movant is neither a flight risk nor a potential danger to the safety of the community if released pending appeal.  While contested by the government, we also find she is not pursuing this appeal solely for the purpose of delay.